# In the United States Court of Federal Claims

No. 18-476L

(Filed: February 8, 2019)

| | |
|---|---|
| THOMAS G. LANDRETH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Motion for Leave to Appear as Amicus Curiae. |

Thomas G. Landreth, Hoquiam, WA, pro se.

Isaac B. Rosenberg, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

On December 3, 2018, the Quinault Indian Nation (the Nation) filed a motion seeking leave to appear as amicus curiae in this matter. See ECF No. 18. In evaluating the Nation's motion, the court considered: (1) the Nation's motion to appear as amicus curiae, ECF No. 18; (2) plaintiff's response, ECF No. 19; (3) defendant's response, ECF NO. 20; (4) plaintiff's supplemental response, ECF No. 24; (5) plaintiff's second supplemental response, ECF No. 25; and (6) the Nation's reply in support of its motion, ECF No. 30. For the following reasons, the Nation's motion is **DENIED**.

I.   Background

Plaintiff is a resident of Washington state "who owns private property abutting Lake Quinault . . . within the boundary of the Olympic National Park." ECF No. 12 at 5.

In his amended complaint, plaintiff summarizes the facts of this case and the relief he seeks as follows:

> Under State and Federal law Lake Quinault, a navigable waterway abutting the Quinault Indian Reservation and located in Washington State, should be open to the public for its use and recreation as well as to those non-tribal property owners with real property abutting the Lake shore such as the plaintiff. However for more than a decade the Quinault Indian Tribe has increasingly asserted "jurisdiction" and control over this navigable waterway, forcing out the public and non-tribal property owners in derogation of the Equal Footing Doctrine, Public Trust Doctrine, Constitution of the United States, treaties with foreign nations and the 1856 Treaty of Olympia. In April of 2013, the Quinault Indian Tribe has restricted all uses of the lake for non-tribal members. Through this civil action, the Plaintiff's seek court determination as to the status of Lake Quinault and the property rights of non-tribal property owners abutting the lake, the court determination as to the public's right to access of the lake, its shore and lakebed.

Id. at 2-3.

The Nation seeks the court's leave to appear as amicus curiae in order to "provide additional factual and legal context for the Court concerning the status of Lake Quinault and the substantial interests of the Nation that are implicated by this proceeding." ECF No. 18 at 1. Specifically, the Nation alleges that it is uniquely positioned to address "the ownership and significance of the Lake to the Nation, and the nature and importance of its regulatory activities." Id. at 3.

Defendant consents to the Nation's appearance as amicus curiae, see ECF No. 20, but plaintiff objects. In response to the Nation's request, plaintiff argues that "[t]o allow amicus cur[iae] to the [Nation] and deprive all people the opportunity to amicus cur[iae] seems to be unfair dealing. It would be impossible to enjoin every person that has and potentially will be harmed by the actions of the [Nation]." ECF No. 19 at 9. Plaintiff also appears to labor under the impression that granting the Nation's request would result in a dismissal of this case; he suggests instead that the Nation has an interest in the case that would support its joinder as a party to this action. See ECF No. 24 at 2.

In its reply in support of its motion, the Nation presents counter-arguments to plaintiff's concerns regarding dismissal and joinder. See ECF No. 30 at 1-4. The Nation then restates its interest in appearing as amicus curiae, as follows:

> The Nation has provided unique information regarding the importance of Lake Quinault to the preservation of the Quinault River sockeye . . . to the

cultural and economic needs of the Quinault people. It has also demonstrated the importance of Lake Quinault to the preservation of that species, and informed the Court about its ongoing efforts to preserve the habitat offered by the Lake . . . .

Id. at 4-5.

II.     Legal Standards

"There is no right to file an amicus brief in this court; the decision whether to allow participation by amici curiae is left entirely to the discretion of the court." Fluor Corp. v. United States, 35 Fed. Cl. 284, 285-86 (1996) (citing Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991)). In ruling on a motion for leave to file an amicus brief, the court considers the following factors: objections from the opposing party, interest of the moving party, partisanship on the part of the amici, adequacy of the movant's representation, and timeliness. See id. The court may also consider whether the additional argument is useful to the court's analysis, and whether participation of the amici would cause unnecessary delay. See Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115, 117 (2016).

III.    Analysis

The court is convinced by the Nation's briefs that it has a unique perspective on the use and value of Lake Quinault. The court also recognizes that plaintiff's amended complaint, to a great degree, involves allegations against the Nation. See generally ECF No. 12. The Nation's views, however, are not useful to the court at this stage of the proceeding. Defendant has filed a motion to dismiss in which it challenges both this court's jurisdiction and the legal sufficiency of plaintiff's allegations. See ECF No. 18. To the extent that the Nation is able to provide insight into material aspects of this case, the court finds that it will not benefit from such insight in reaching its ruling on the legal sufficiency of plaintiff's complaint.

As such, the court will deny the Nation's motion at this time. If, however, plaintiff's complaint survives defendant's motion to dismiss, the court is willing to reconsider the Nation's involvement in this matter—whether that be as an amicus or as a party.

IV.     Conclusion

For the foregoing reasons, the Nation's motion, ECF No. 18, is **DENIED**. If the court denies defendant's motion to dismiss, the Nation may reassert its interest in the merits determination in this case.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge