# In the United States Court of Federal Claims

No. 18-476L

(Filed:  July 24, 2019)

| | |
|---|---|
| THOMAS G. LANDRETH,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                    Defendant. | Motion to Dismiss; Lack of Subject-Matter Jurisdiction; RCFC 12(b)(1). |

Thomas G. Landreth, Hoquiam, WA, pro se.

Isaac B. Rosenberg, Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), or in the alternative, to dismiss plaintiff's amended complaint for failure to state a claim, pursuant to RCFC 12(b)(6). See ECF No. 15.  In evaluating defendant's motion, the court considered:  (1) plaintiff's amended complaint, ECF No. 12; (2) defendant's motion to dismiss, ECF No. 15; (3) plaintiff's response, ECF No. 21; and (4) defendant's reply, ECF No. 35.  For the following reasons, defendant's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED**.

I.      Background

Plaintiff is a resident of Washington state "who owns private property abutting Lake Quinault . . . within the boundary of the Olympic National Park."  ECF No. 12 at 5.

In his amended complaint, plaintiff summarizes the facts of this case and the relief he seeks, as follows:

> Under State and Federal law Lake Quinault, a navigable waterway abutting the Quinault Indian Reservation and located in Washington State, should be open to the public for its use and recreation as well as to those non-tribal property owners with real property abutting the Lake shore such as the plaintiff.  However for more than a decade the Quinault Indian Tribe has increasingly asserted "jurisdiction" and control over this navigable waterway, forcing out the public and non-tribal property owners in derogation of the Equal Footing Doctrine, Public Trust Doctrine, Constitution of the United States, treaties with foreign nations and the 1856 Treaty of Olympia.  In April of 2013, the Quinault Indian Tribe has restricted all uses of the lake for non-tribal members.  Through this civil action, the Plaintiff[] seek[s] court determination as to the status of Lake Quinault and the property rights of non-tribal property owners abutting the lake, the court determination as to the public's right to access of the lake, its shore and lakebed.

Id. at 2-3.

Under the heading "Jurisdiction" in his amended complaint, plaintiff appears to refer to three bases for the court's jurisdiction:  (1) the Tucker Act, 28 U.S.C. § 1491(a) (2012); (2) the Indian Tucker Act, 28 U.S.C. § 1505 (2012); and (3) the Act of March 3, 1891, ch. 538, 26 Stat. 851 (1891).  See id. at 3-4.  He alleges eight causes of action, in the section titled "Causes of Action against Defendant United States Committed by the Quinault Indian Tribe," (the Tribe) including:  (1) deprivation of property rights as a result of various "trespassory" actions taken by the Tribe, id. at 28-30; (2) conversion by the Tribe "committed through its actions in remeandering the lake," and "continually and unlawfully restrict[ing] and prevent[ing] Plaintiff from the use and enjoyment of the Lake," id. at 30-31; (3) tortious interference by the Tribe with plaintiff's property by "denying and restricting lawful access to Lake Quinault," id. at 32-33; (4) private nuisance committed by the Tribe "related to the denial and restriction of the use and enjoyment by Plaintiff of Lake Quinault," id. at 33-34; (5) "violation of the constitution," referencing the Tribe's "wrongful actions" that denied plaintiff "the full enjoyment of land, liberty and property without due process of law," id. 34-36; (6) the Tribe's violation of Washington state law "through its willful and deliberate obstruction and denial of Plaintiff['s] property rights to the Lake," id. at 36-37; (7) "violations of treaties with foreign nations," id. at 37-38; and (8) a request for permanent injunctions against Washington State and the Quinault Indian Tribe to protect plaintiff's enjoyment of Lake Quinault, id. at 38-40.

Plaintiff makes numerous requests for declaratory and injunctive relief. See id. at 40-43. The only request for monetary relief, aside from fees and costs associated with the litigation, is plaintiff's request that the court "[a]ward Plaintiff monetary damages related to the loss of use of legally obtained real property and the trespass by the Quinault Indian Tribe/Nation." Id. at 42.

II.     Legal Standards

A.     Pro Se Litigants

The court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the amended complaint and plaintiff's response thoroughly to discern all of plaintiff's claims and legal arguments.

B.     Motion to Dismiss Pursuant to RCFC 12(b)(1)

Pursuant to the Tucker Act, the court has jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiff must show that his claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

The court also possesses jurisdiction:

> of any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group.

28 U.S.C. § 1505 (2012).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). To determine whether plaintiff has carried this burden, the court must accept "as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.    Analysis

In its motion to dismiss, defendant presents a thorough discussion of the various deficiencies in plaintiff's amended complaint with regard to establishing this court's jurisdiction. See ECF No. 15. It explains that plaintiff has failed to carry its burden to establish the court's jurisdiction because: (1) the Indian Tucker Act does not apply to this case, id. at 13; (2) the federal statute passed in 1891 to provide "for the adjudication and payment of claims arising from Indian depredations" does not apply to this case, id. at 14; (3) plaintiff has failed to allege a breach of contract claim and thus cannot properly invoke Tucker Act jurisdiction; (4) the court lacks jurisdiction over plaintiff's claims based on treaties; (5) plaintiff's claims are made against the Quinault Indian Nation and the State of Washington, not the United States, id. at 18; (6) the court cannot consider cases sounding in tort, id. at 19; (7) the court cannot consider claims made pursuant to the Indian Civil Rights Act of 1968, id.; (8) the court cannot consider claims based on state law, id. at 20; (9) the court lacks jurisdiction to award fees incurred in prior litigation, id.; (10) the court cannot consider claims that accrued outside the statute of limitation, id. at 21; and (11) although the court has jurisdiction to consider claims for takings committed by the United States, the amended complaint, at most, alleges a taking by the Quinault Indian Nation, id.

The court commends defendant's work in addressing the myriad arguments presented by plaintiff. A number of defendant's criticisms appear to have merit. The overarching deficiency in plaintiff's complaint, however, can be stated quite simply—none of the claims made by plaintiff are alleged against the United States. Absent an allegation that the United States is responsible for some harm suffered by plaintiff, this court lacks jurisdiction to hear his case. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (holding that the Claims Court's "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court") (citations omitted). See also 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1505 (both of which give the court jurisdiction over claims made "against the United States"). And to the extent that plaintiff seeks a declaration as to his rights with regard to Lake Quinault, the court likewise is without jurisdiction to consider such relief. See Testan, 424 U.S. at 398 (stating that the Court of Claims does

4

not have the authority to issue declaratory judgments) (citing <u>United States v. King</u>, 395 U.S. 1 (1969)).

The court notes that plaintiff does assert one basis for jurisdiction that does not explicitly require an allegation against the United States—the Act of March 3, 1891, ch. 538, 26 Stat. 851 (1891) (the Act). <u>See</u> ECF No. 12 at 3-4. The Act provided this court's predecessor with jurisdiction over "claims for property of citizens of the United States taken or destroyed by Indians belonging to any band, tribe, or nation, in amity with the United States, without just cause of provocation on the part of the owner or agent in charge, and not returned or paid for." 26 Stat. at 851-52. Even assuming some part of plaintiff's claims would have been covered by the Act, the express terms of the statute stated that "no suit or proceeding shall be allowed under this act for any depredation which shall be committed after the passage thereof." <u>Id.</u> at 852. As such, plaintiff's claims are more than a century too late to invoke this statute as the basis for the court's jurisdiction.

IV.    Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider plaintiff's amended complaint, and defendant's motion to dismiss, ECF No. 15, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's amended complaint, without prejudice.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge